97 F.3d 1455
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brandon ODUM, also known as Brent Owens, also known as
Brandon Owens, also known as Brian Douglas, also
known as Bryant Odum, Defendant-Appellant.
 No. 96-2311.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 24, 1996.
Decided Sept. 27, 1996.
 
 Before POSNER, Chief Judge, and MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Brandon Odum comes before us for the second time challenging the district court's denial of his motion to suppress approximately 5.8 kilograms of cocaine found by law enforcement agents in a suitcase he transported from Houston to Chicago on November 30, 1993. The district court initially refused to suppress the evidence, but in considering Odum's first appeal, we remanded for reconsideration, finding that the court had erred by relying on information learned by the agents after the Fourth Amendment seizure occurred in concluding that they had a reasonable suspicion of illegal activity. See United States v. Odum, 72 F.3d 1279, 1284-85 (7th Cir.1995) (court may only consider facts available to law enforcement agents at the moment of the seizure or search). Because at the time, this court reviewed a district court's probable cause and reasonable suspicion determinations in non-warrant cases only for clear error, we remanded to enable the district court to reconsider that question without reference to the improper facts. Id. at 1285. Upon reconsideration, the district court again found that the officers had a reasonable suspicion to support the investigatory stop, and again denied Odum's suppression motion. Odum once again appeals, and this time we affirm.
 
 
 2
 Since we last considered this case, the Supreme Court has changed the governing standard of review. In Ornelas v. United States, 116 S.Ct. 1657 (1996), the Court held that we are to review probable cause and reasonable suspicion determinations in non-warrant cases de novo. At the same time, however, we still must accept the district court's findings of historical fact unless they are clearly erroneous, and give "due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 1663.
 
 
 3
 The facts and governing law are set forth at length in our earlier opinion, and we shall not repeat them here. On remand, the district court found that the facts known to the officers at the time of the investigatory stop were sufficient to give rise to a reasonable suspicion that Odum had been or was engaged in narcotics trafficking. Upon de novo review, we agree with the district court's conclusion.
 
 
 4
 By the time that a Fourth Amendment seizure was effected here (i.e., by the time the agents told Odum that they would detain his suitcase for a canine sniff), the agents were in possession of the following information: (1) Odum had paid cash for a one-way ticket immediately prior to the departure of a flight from Houston, considered by the officers to be a source city for narcotics; (2) he had checked a yellow, hard-sided suitcase after covering its locks with cellophane tape; (3) he had scanned the concourse upon deplaning in Chicago and had looked back over his shoulder three separate times; (4) he had been unable to produce identification to confirm that he was the individual whose name appeared on his airline ticket; (5) when asked the reason for his travel to Houston, he stated that he had been visiting but then made no reply when asked who he had been visiting;[1] (6) he had himself packed part of the yellow suitcase, which belonged to him, while his sister had packed the other part; and (7) he had appeared calm when the agents first approached him, but he had become nervous and shaky once they indicated that they were conducting a narcotics investigation at the airport. See Odum, 72 F.3d at 1285. When viewed together, these facts were sufficient to raise a reasonable suspicion that Odum had been or was engaged in illegal activity. As our earlier opinion observed:
 
 
 5
 [A] number of the facts that raised suspicions about Odum could not generally be ascribed to innocent travelers. Indeed, it could be considered unusual for an airline traveler to purchase a one-way ticket for cash immediately before his flight, to tape the locks on a checked suitcase, to conduct countersurveillance in walking through an airport concourse, and to travel without any personal identification. The fact, moreover, that Odum initially appeared calm but became visibly nervous when told that the agents were conducting a narcotics investigation is relevant to the reasonable suspicion inquiry.
 
 
 6
 Id. at 1285-86. We therefore agree that the agents were in possession of articulable facts sufficient to give rise to a reasonable suspicion of criminal activity by the time they seized Odum's suitcase for a canine sniff. See United States v. Thomas, 87 F.3d 909, 912 (7th Cir.1996). Because Odum's rights under the Fourth Amendment were not infringed, the district court properly denied his motion to suppress.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Our earlier opinion noted that the government had relied on this fact in responding to Odum's suppression motion but that it had cited no evidence in the record to establish it. 72 F.3d at 1285 n. 4. The government now concedes that because there was no evidentiary hearing below, no evidence in the record establishes this fact. Yet Odum does not contest that the exchange related by the government actually occurred